EDWARDS, Judge.
James King, plaintiff in proper person, filed suit in the City Court of Baton Rouge to recover a $45.00 towing fee plus damages and costs for the alleged illegal towing of his 1973 Plymouth Fury III by the defendant, A-l Auto Service. From a judgment dismissing his suit, plaintiff appeals.
James King was scheduled to testify before the State Civil Service Commission, located in the Republic Towers building in Baton Rouge, on behalf of one Presley Hancock on February 14, 1983. The Republic Towers building is owned by Republic Joint Venture, a private association which leases out the building to various businesses and state departments. King drove down early that morning and parked his car in the Republic Towers parking lot in a space reserved for the handicapped. He did not have a handicap license plate or sticker on his car.
The space was clearly marked for handicap parking by a four by four foot yellow- and-black handicap symbol painted on the ground, but there was no sign, either on the ground or at eye level, warning that ears without handicap stickers or license plates would be towed away at the owner’s expense.
A-l Auto Service, under contract with Republic Joint Venture to supervise and control parking in the lot, was called by *1002 someone at Republic Towers to come and tow the car away. A-l towed away the ear and reported the towing to the police shortly thereafter.
King discovered that his car was missing after the CSC broke for lunch. He called the police and learned that A-l had towed it away. He recovered his car a couple of hours later by paying the $45.00 towing charge.
On February 25, he filed this suit in City Court seeking a refund of the towing charge and $550.00 for damages to his car allegedly incurred during the towing. The trial judge rendered judgment in favor of the defendant and dismissed the plaintiffs suit at his cost. In his oral reasons for judgment, however, he implied that the towing was legal because King was parked in the space without a handicap license plate.
On appeal King argues first that the towing was illegal under the holding of Navratil v. Smart, 400 So.2d 268 (La.App. 1st Cir.1981), cert. denied, 405 So.2d 320 (La.1981), and second that the court erred in failing to award him damages.
We find nothing in the record to support a damage award and affirm that portion of the trial court’s judgment. However, we find merit to appellant’s first argument and accordingly reverse.
In Navratil, the plaintiff had taken a client out for a nightcap after dinner and parked his car in a lot near the nightclub but owned by a private business. The defendant, Smart, had a contract with the landowner, similar to the one in the instant case, to remove any cars illegally parked on the lot after business hours. Portable signs warning of possible towing of illegally parked cars, normally present on the lot after hours, had not been posted that night. This court held that under those circumstances the towing constituted a self-help remedy which was illegal because the landowner had not adequately warned the public of his desire to restrict the parking on his lot. The landowner and the defendant towing company were held liable in solido for the towing charges.
Though Navratil’s holding is closely tailored to its facts, we think it contains a broader application. While a private landowner conducting business with the public is free to restrict parking on his property as he chooses, those restrictions must be made known to the public by signs, posts, fences or other warning devices. Moreover, he may not avail himself of self-help by towing away cars parked contrary to those restrictions unless he posts a sign or other form of notice warning the public that cars illegally parked are subject to being towed at the car owner’s expense.
In the instant case, though the parking space was clearly reserved for handicap parking, there were no posted signs warning the public that cars without'handicap stickers or license plates were subject to being towed. While we applaud and strongly support Republic Venture’s concern for the handicapped, and have little sympathy for Mr. King, we cannot sanction the use of self-help in this case.
Therefore, under Navratil, A-l is liable for the refund of the $45.00 towing fee, with full rights against Republic Venture, its principal.
Costs are to be divided equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.